**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE J. BELTRAN, AKA Javier Beltran Aleman, AKA Jose Javier Beltran Aleman, AKA Javier Beltran Morales, AKA Jose Beltran Morales, AKA Jose Javier Aleman, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos. 16-70437 <br> 16-72019 <br><br> Agency No. A095-137-464 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

In these consolidated petitions, Jose J. Beltran, a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes these case are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal and relief under the Convention Against Torture ("CAT") (petition No. 16-70437), and the BIA's order denying his motion to reopen removal proceedings (petition No. 16-72019). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We review for an abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review in No. 16-70437, and we deny in part and dismiss in part the petition for review in No. 16-72019.

As to petition No. 16-70437, substantial evidence supports the agency's determination that Beltran failed to establish his proposed social groups are socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the agency did not err in concluding that Beltran failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular

social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). In light of this conclusion, we do not reach Beltran's contentions as to nexus. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

We reject Beltran's contention that the agency erred in finding that resistance to gang recruitment did not constitute a political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) ("[A] general aversion to gangs does not constitute a political opinion") *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

Thus, Beltran's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Beltran failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime is insufficient to meet the standard for relief for CAT). We reject as unsupported by the record Beltran's contention that the IJ failed to address his CAT claim.

16-70437

As to petition No. 16-72019, the BIA did not abuse its discretion in denying Beltran's motion to reopen where he failed to establish prima facie eligibility for asylum. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief.").

The BIA did not abuse its discretion or err in denying Beltran's motion to reopen to apply for Temporary Protected Status before the IJ.

Finally, we lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

As stated in the court's May 11, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

No. 16-70437: **PETITION FOR REVIEW DENIED.**

No. 16-72019: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**